BURKE W. KAPPLER
D.C. Bar No. 471936; bkappler@ftc.gov
FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
Tel: 202-326-2043; Fax: 202-326-2477

STACY PROCTER
(Local Counsel)
CA Bar No. 221078; sprocter@ftc.gov
FEDERAL TRADE COMMISSION
10990 Wilshire Blvd., Suite 400
Los Angeles, CA 90024
Tel: 310-824-4343; Fax: 310-824-4380

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br> Petitioner, <br><br> v. <br><br> REDWOOD SCIENTIFIC TECHNOLOGIES, INC., <br><br> Respondent. | Case No. 2:17-cv-7921 <br><br> FEDERAL TRADE COMMISSION'S PETITION FOR AN ORDER ENFORCING CIVIL INVESTIGATIVE DEMAND |

The Federal Trade Commission respectfully petitions this Court pursuant to Section 20 of the Federal Trade Commission Act (FTC Act), 15 U.S.C. § 57b-1, for an order requiring respondent Redwood Scientific Technologies, Inc.

(Redwood) to comply with a properly-issued civil investigative demand (CID) seeking documents and responses to interrogatories. The FTC issued this CID in connection with an investigation into Redwood's advertising and marketing practices for two products, TBX-FREE, a purported smoking cessation product, and Eupepsia Thin, a purported appetite suppressant. The FTC seeks to determine whether Redwood has violated Sections 5 and 12 of the FTC Act, 15 U.S.C. §§ 45, 52, by making false or unsubstantiated representations about the effectiveness of or money-back guarantee for these products, or whether Redwood has violated the Restore Online Shoppers' Confidence Act (ROSCA), 15 U.S.C. § 8401 *et seq.*, by enrolling consumers in automatically-recurring purchase plans without their consent.

This Court should enforce the CID because Redwood has produced no information or documents to date, ignoring not only the deadline set forth in the CID (September 6, 2017) but also three separate deadlines proposed by its own counsel (October 5, 12, and 19). The company has not raised any concerns to the investigating FTC staff attorneys or sought administrative relief through filing a petition to limit or quash the CID with the Commission. This refusal to cooperate has stymied the investigation and impeded the Commission's staff from moving forward in the investigation. The Court should therefore enforce the CID and direct that Redwood produce the information specified within 10 days.

In support, the Commission submits the attached Declaration of Elizabeth Sanger as Petition Exhibit 1 (Pet. Ex.) to verify the Commission's allegations and to establish the *prima facie* case necessary for enforcement of the Commission's administrative process. The Commission also submits the following additional exhibits:

    Pet. Ex. 2        Civil Investigative Demand to Redwood Scientific Technologies, Inc., August 3, 2017;

| | | |
|---|---|---|
| Pet. Ex. 3 | | Confirmation of FedEx Delivery to Redwood Scientific Technologies, Inc., August 11, 2017; and |
| Pet. Ex. 4 | | Correspondence between FTC staff attorneys and Tracy Green, outside counsel for Redwood, between September 11, 2017 and October 6, 2017. |

## Jurisdiction and Venue

1. This Court has jurisdiction to enforce the Commission's duly issued CIDs under Sections 20(e) and (h) of the FTC Act, 15 U.S.C. §§ 57b-1(e), (h). This Court also has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1345.

2. Venue is proper in this judicial district under Section 20(e) of the FTC Act, 15 U.S.C. § 57b-1(e), because Redwood is found and transacts business here. Pet. Ex. 1, ¶ 3. Venue is also proper under 28 U.S.C. § 1391.

## The Parties

3. Petitioner, the Federal Trade Commission, is an administrative agency of the United States, organized and existing under the FTC Act, 15 U.S.C. §§ 41 *et seq*.

4. The Commission has broad statutory authority to address unfair or deceptive acts or practices. For instance, the FTC is authorized and directed by Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), to prohibit unfair methods of competition and unfair or deceptive acts or practices in or affecting commerce. Section 12 of the FTC Act, 15 U.S.C. § 52, authorizes the Commission to prohibit false advertising for the purpose of inducing, directly or indirectly, the purchase of food, drugs, devices, services, or cosmetics. The Restore Online Shoppers' Confidence Act (ROSCA) authorizes the Commission to enforce ROSCA's prohibitions on certain types of unfair or deceptive online marketing. 15 U.S.C. §§ 8402-8404.

5. The FTC is authorized to conduct investigations to enforce these laws. Sections 3 and 6(a) of the FTC Act, 15 U.S.C. §§ 43, 46(a), authorize the Commission to conduct investigations nationwide and to gather information on any "person, partnership, or corporation." Most relevant here, section 20(c) of the FTC Act, 15 U.S.C. § 57b-1(c), authorizes the Commission to issue CIDs requiring the recipients to produce documents, prepare answers to interrogatories, and provide oral testimony under oath, relating to the subject of any Commission investigation.

6. Respondent Redwood Scientific Technologies, Inc., is based in Claremont, CA. Redwood markets and sells various dissolvable oral strips, including TBX-FREE, a purported smoking cessation product, and Eupepsia Thin, a purported appetite suppressant, throughout the United States. Pet. Ex. 1, ¶ 3. Redwood advertises these products on its own websites, social media platforms such as Facebook, third party retailers such as Amazon.com, and infomercials available on YouTube.com, among other media. *Id.*, ¶ 4.

**The Commission's Investigation and Civil Investigative Demand**

7. This investigation seeks to determine whether several aspects of Redwood's advertising and marketing of TBX-FREE and Eupepsia Thin comply with Sections 5 and 12 of the FTC Act and ROSCA. The topics covered by the CID include the following:

    a. Whether Redwood made false or unsubstantiated representations concerning TBX-FREE's efficacy as a smoking cessation product;

    b. Whether Redwood made false or unsubstantiated representations concerning Eupepsia Thin's efficacy as an appetite suppressant and weight loss product;

    c. Whether Redwood falsely represented that certain medical institutions and publications have endorsed TBX-FREE as a smoking cessation product;

   d. Whether Redwood falsely represented that TBX-FREE comes with a money back guarantee; and

   e. Whether Redwood violated ROSCA by enrolling consumers in automatically-recurring purchase plans (also known as "autoship plans") without their express informed consent.

Pet. Ex. 2 at 15, 20.[1]

  8. On August 3, 2017, the Commission issued a CID to Redwood directing it to produce certain documents and to respond to interrogatories no later than September 6, 2017. Pet. Ex. 2. This CID was issued under the authority of an investigatory resolution that authorizes the use of process to investigate the following practices:

> whether unnamed persons, partnerships, or corporations, or others engaged directly or indirectly in the advertising or marketing of dietary supplements, foods, drugs, devices, or any other product or service intended to provide a health benefit or to affect the structure or function of the body have misrepresented or are misrepresenting the safety or efficacy of such products or services, and therefore have engaged or are engaging in unfair or deceptive acts or practices or in the making of false advertisements, in or affecting commerce, in violation of Sections 5 and 12 of the Federal Trade Commission Act, 15 U.S.C. §§ 45 and 52.

*Id.* at 31.

  9. In issuing the CID, the Commission followed all the procedures required by the FTC Act and its Rules of Practice and Procedure. For instance, the CID was properly signed by a Commissioner acting pursuant to this resolution, as required by Section 20 of the FTC Act, 15 U.S.C. § 57b-1(i); 16 C.F.R. § 2.7(a). *Id.* at 17.

---

[1] Cites to page numbers in exhibits are to the consecutive Bates numbers.

10. The FTC served the CID on Redwood on August 11, 2017, directing it to Jason Cardiff, Redwood's President and Chief Executive Officer. *See* Pet. Ex. 3; *see also* 15 U.S.C. § 57b-1(c)(8); 16 C.F.R. § 4.4(a)(3). Shortly after, on August 15, 2017, Tracy Green, outside counsel for Redwood, contacted FTC staff to confirm receipt of the CID. Pet. Ex. 1, ¶ 11.

11. Despite attempts to reach Redwood's counsel on or before the due date, Redwood failed to provide any information on or before the CID's stated deadline of September 6, 2017. *Id.*, ¶¶ 12-13; Pet. Ex. 4 at 35-36. On September 11, 2017, FTC staff informed Redwood's counsel that the company was in default. Pet. Ex.1, ¶ 14; Pet. Ex. 4 at 35-36. Staff did not receive a response until September 27, 2017, at which time counsel stated that she was working with the company to prepare its response and requested an extension in the form of weekly rolling production dates on three dates in October. Pet. Ex. 1, ¶ 16; Pet. Ex. 4 at 38. Staff denied the request for modification of the CID, but agreed to forbear from seeking judicial enforcement provided that the company met each of its proposed deadlines. Pet. Ex. 1, ¶ 17; Pet. Ex. 4 at 39-40. As of this date, however, Redwood has not produced any information and therefore has failed to meet not only the CID's stated deadline, but even the deadlines proposed by its own counsel. Pet. Ex. 1, ¶¶ 18-21.

12. The Commission's Rules of Practice allow the recipient of a CID to object to a CID by filing an administrative petition to limit or quash. *See* 16 C.F.R. § 2.10. Redwood did not file such a petition and, in fact, disclaimed that it had any such objections. Pet. Ex. 1, ¶ 22.

13. Redwood's failure to comply with the August 3, 2017, CID has materially impeded the Commission's ongoing investigation. *Id.*, ¶ 23.

**Prayer For Relief**

WHEREFORE, the Commission invokes the aid of this Court and prays for:

a. Immediate issuance of an order, substantially in the form attached, directing respondent Redwood Scientific Technologies, Inc., to show cause why it should not comply in full with the Commission's CID, and setting forth a briefing schedule; and

b. A prompt determination of this matter and entry of an order:

  (i) Compelling respondent to produce the documents and information specified in the August 3, 2017, CID within 10 days of such order; and

  (ii) Granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

DAVID C. SHONKA
Acting General Counsel

LESLIE RICE MELMAN
Assistant General Counsel for Litigation

 */s/ Burke W. Kappler*
BURKE W. KAPPLER
Attorney

FEDERAL TRADE COMMISSION
600 Pennsylvania Ave., N.W.
Washington, DC 20580
Tel.: (202) 326-2043
Fax: (202) 326-2477
Email: bkappler@ftc.gov

Dated: October 30, 2017